811 F.2d 1504
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles M. ANDERSON, Plaintiff-Appellant,
v.
Thomas J. MIDDLETON; Henry C. Mackall, Defendants-Appellees.
 No. 86-3102.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 24, 1986.
Decided Feb. 2, 1987.
 
 Before RUSSELL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Charles M. Anderson, appellant pro se.
 William Lynn Thurston, Office of the Attorney General; Glenn Hugh Silver, Mackall, Mackall, Walker & Silver, for appellees.
 PER CURIAM:
 
 
 1
 Charles Anderson appeals the district court's dismissal of his complaint brought pursuant to 42 U.S.C. Sec. 1983. Anderson asserted that his constitutional rights were violated by the defendants' actions which allegedly deprived him of a fair hearing and due process. In January 1986 an action was brought against Anderson by Smitty's Lumbertia, Inc., in the Circuit Court of Fairfax County, Virginia. The presiding judge, the Honorable Thomas Middleton, referred the case to Henry Mackall as Commissioner in Chancery. On June 6, 1986, Anderson filed a complaint with the district court, contending that Judge Middleton and Mackall conspired against him during these proceedings. The district court entered judgment for the defendants and dismissed the action.
 
 
 2
 As a general rule, judges are provided absolute immunity for judicial acts which are within their realm of authority. Stump v. Sparkman, 435 U.S. 349 (1978). As the actions complained of by Anderson all were actions taken by Judge Middleton in his judicial capacity within the realm of his authority, Judge Middleton is entitled to absolute immunity. It has also been determined that those persons who are exercising judicial or quasi-judicial discretion are entitled to absolute immunity. See Imbler v. Pactman, 424 U.S. 409 (1976) (prosecuting attorney given immunity); Pope v. Chew, 521 F.2d 400 (4th Cir.1975) (parole board member given immunity). Thus, Mackall, who is sued for actions taken as Commissioner in Chancery, would also be entitled to absolute immunity.
 
 
 3
 However, both judicial and quasi-judicial immunity are limited to monetary damages. Declaratory and injunctive relief are still possible remedies. Pulliam v. Allen, 466 U.S. 522 (1984). In his original complaint and on appeal Anderson requests injunctive relief. Thus neither defendant is immune from consideration of that portion of Anderson's suit.
 
 
 4
 Nevertheless, Anderson's claim was correctly dismissed by the district court. Anderson essentially seeks intervention by the federal district court into the handling of his case by the state courts. The proper method of challenging rulings or actions by the state court is, however, by appeal within the state system, and ultimately by petition to the United States Supreme Court. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). See also Ganey v. Barefoot, 749 F.2d 1124, 1127 (4th Cir.1984), cert. denied, --- U.S. ----, 53 U.S.L.W. 3882 (June 17, 1985). We find no circumstances justifying intervention by the federal courts in state proceedings in this case.
 
 
 5
 Accordingly, we affirm the judgment of the district court. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument. See Anderson v. Middleton, C/A No. 86-639-A (E.D.Va., July 11, 1986).
 
 
 6
 AFFIRMED.